Dear Mr. Speed:
This office is in receipt of your request for an opinion regarding Rural Fire Protection District Number Two of Tangipahoa Parish. Specifically, you asked whether the Rural Fire Protection District has the authority to own and maintain a station within the municipality of Ponchatoula for the joint benefit of both the adjacent rural and municipal properties.
As noted in your opinion request, the fire fighting duties of the volunteer fire department of Ponchatoula and those of the Rural Fire Protection District are shared based upon an existing intergovernmental agreement between the two entities.
Providing fire protection and emergency medical service by fire protection districts is a governmental purpose essential to the public health, safety and protection of citizens and property in the state. LSA-R.S.40:1501. As such, fire protection districts are granted the broadest discretion in determining the appropriate use of funds subject to constitutional limitations. Id.
Those constitutional limitations are provided in Section 14 of Article VII, which prohibits the donation of public things of value to public or private entities. LSA-Const. Article VII, § 14 (A) (1974). The general prohibition is limited, however, by Section 14 (C), which allows the state or a political subdivision to enter into cooperative endeavors with any public or private association, if such cooperation serves a public purpose.
In City of Port Allen v. Louisiana Risk Management, 439 So.2d 399 (La. 1983), the Louisiana Supreme Court determined that cooperative endeavors authorized by Article VII, § 14 (C), must meet the general standard for the nongratuitous alienation of public funds or property established by paragraph (A). This office determined that cooperative endeavors are constitutionally authorized only when the transfer of public funds or property is required by a valid legal obligation. La. Op. Atty. Gen. No. 98-262.
Additionally, the expenditure must be for a public purpose and create a public benefit proportionate to its cost. LA. Op. Atty. Gen. No. 97-471-A. The existence of a public purpose and public benefit are presumed when the underlying legal obligation for the expenditure is created by the constitution, a statute, or an ordinance. La. Op. Atty. Gen. No. 98-262.
In La. Op. Atty. Gen. No. 81-357 this office responded to a similar request concerning whether a fire district may spend money on a volunteer station, for a building, equipment and manpower. In response to this inquiry, this office determined that, "the concept of cooperative endeavors would extend to the expenditure of funds by the fire district in favor of the volunteer station." Id.
This conclusion is warranted since fire districts are specifically authorized, "to do and perform all acts in their corporate capacity and in their corporate names necessary and proper for the purposes of acquiring, maintaining, and operating buildings, machinery, equipment, water tanks, water hydrants, water lines, and such other things, including both movable and immovable property, as might be necessary or proper for effective fire prevention and control or considered necessary by the governing body of the district for the protection of the property within the limits of the district against fire." LSA-R.S. 40:1500.
Since the construction of a fire station manned by volunteer firefighters would promote effective fire protection and control, the cooperative endeavor in question is supported by a valid legal obligation. Furthermore, the agreement serves a valid public purpose considering that fire protection is vital to the public health, safety and protection of citizens and property in the state. LSA-R.S. 40:1501.
In conclusion, the Rural Fire Protection District Number Two of Tangipahoa Parish may own and maintain a station within the municipality for the joint benefit of both the adjacent rural and municipal properties. Should you have further questions, please contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB:mjb
Date Released: September 27, 2002